FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ AUG 20 2009 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

GARY KINDELL,

          Plaintiff,

    -against-

INTERFAITH HOSPITAL AND CLINIC,

          Defendant.
------------------------------------------------------------x

**MEMORANDUM
AND ORDER**
09-CV-2050 (CBA)

AMON, United States District Judge.

On May 6, 2009, plaintiff Gary Kindell, proceeding *pro se*, filed this civil action. By Order dated June 25, 2009, plaintiff was granted thirty (30) days leave to amend his complaint. Plaintiff's original complaint contained a plethora of extrinsic information which made the complaint nearly incomprehensible. Therefore, the Court could not allow plaintiff's claims to go forward as defendant would be unable to meaningfully respond to the complaint. Plaintiff was directed that his amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure.

On July 31, 2009, plaintiff filed an amended complaint, which is also illegible and incomprehensible. Once again, the Court finds that plaintiff's claims cannot go forward as defendant will still be unable to meaningfully respond to the amended complaint. However, in light of this Court's duty to liberally construe *pro se* complaints, and in an abundance of caution, plaintiff is given an additional thirty (30) days leave to file a second amended complaint that specifies the basis for this Court's jurisdiction. Cruz v. Gomez, 202 F.3d 593 (2d Cir. 2000).

Plaintiff is again directed that his amended complaint must comply with Rule 8(a) of the

1

Federal Rules of Civil Procedure, which requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Pleadings are to give "fair notice" of a claim and "the grounds upon which it rests" in order to enable the opposing party to answer and prepare for trial, and to identify the nature of the case. Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 346 (2005) (citation omitted); Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512 (2002); see also Twombly v. Bell, 425 F.3d 99, 106 (2d Cir. 2005) (defining "fair notice" as " 'that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial.' ") (quoting Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995)).

Should plaintiff file a second amended complaint, he must set forth the legal basis and factual allegations to support his claims against each defendant, and the relief he is seeking with respect thereto. The allegations must be short, plain and concise. Plaintiff is reminded that he must allege facts that do more than allude to a constitutional harm. In addition, plaintiff is directed to name as proper defendants those individuals who have personal involvement in the actions he alleges in the amended complaint and provide the dates and locations for each relevant event. Even if plaintiff does not know the names of the individuals, he may identify each of them as John Doe or Jane Doe. To the best of his ability, plaintiff must describe each individual and the role he or she played in the alleged deprivation of his rights.

The second amended complaint must be captioned as a "Second Amended Complaint" and bear the same docket number as this Order. No summons shall issue at this time and all further proceedings shall be stayed for an additional 30 days. If plaintiff fails to amend his complaint within 30 days as directed by this Order, the Court shall dismiss this complaint for lack of subject matter jurisdiction.

The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/CBA

CAROL B. AMON
United States District Judge

Dated: Brooklyn, New York
August 18, 2009