UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X   NOT FOR PUBLICATION

GARY KINDELL,

                          Plaintiff,                    ORDER AND
                                                                CIVIL JUDGMENT
   -against-

INTERFAITH HOSPITAL AND CLINIC,                09-CV-2050 (CBA)

                        Defendant.
------------------------------------------------------------X

**AMON, United States District Judge:**

By Memorandum and Order dated August 18, 2009, the Court directed plaintiff to file a second amended complaint.[1] On September 10, 2009, plaintiff filed a second amended complaint which is somewhat more comprehensible than his prior filings.

Plaintiff fails to allege a basis for the exercise of this Court's jurisdiction. Despite a liberal interpretation of the Second Amended Complaint, the court cannot discern any such basis. In plaintiff's second amended complaint, he alleges that he has been denied psychiatric medication and instead prescribed diabetic medication that he does not want or need. He further alleges physical altercations with Interfaith Hospital security guards as well as two altercations with an unidentified young male at his home and with an unidentified bus driver. Plaintiff's allegations concern private individuals and the Interfaith Hospital and Clinic, a private medical facility in Brooklyn. Having granted plaintiff two opportunities to amend his complaint, there remains no indication of a federal question nor a cause of action giving rise to diversity jurisdiction due to plaintiff's disputes with various individuals he encounters in his daily life. Accordingly, this action is dismissed for lack of

---

[1] This Court already concluded that plaintiff's original complaint filed on May 6, 2009 and plaintiff's amended complaint filed on July 31, 2009 were illegible and incomprehensible. This Court also notes that plaintiff's additional "Amended Complaint," filed on October 27, 2009, although unauthorized by the court, does not alter the court's conclusions in any way.

subject matter jurisdiction. <u>Arbaugh v. Y&H Corp.</u>, 546 U.S. 500, 514 (2006) (when a federal court concludes that it lacks subject matter jurisdiction, the court must dismiss the complaint in its entirety); *see also* Fed. R. Civ. P. 12(h)(3).

Moreover, even if the Court had subject matter jurisdiction over the Second Amended Complaint, the court cannot discern any viable claim and would thus dismiss it for plaintiff's failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly, the action is dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3) and further because plaintiff has failed to state a claim on which relief can be granted. 28 U.S.C. 1915(e)(2)(B)(ii). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
November __, 2009

/S/
_____
CAROL BAGLEY AMON
United States District Judge